GRAHAM & SNYDER v. E. J. CARPENTER.

[FILED DECEMBER 16, 1892.]

Replevin: EVIDENCE. Upon the conceded facts and the evidence the judgment is right and is affirmed.

ERROR to the district court for Dawes county. Tried below before KINKAID, J.

*H. M. Uttley*, for plaintiffs in error.

*Alfred Bartow*, contra.

MAXWELL, CH. J.

March 16, 1887, one Andrew McGinley, as assignee, brought suit in the county court of Sioux county against The O 4 Cattle Company, Dr. E. B. Graham, manager, to recover $50 for labor and services performed for the O 4 Cattle Company by one Irving Wilson, the claim or account for which had been purchased by said McGinley from said Irving. The transcript of the county judge shows the following facts:

"The plaintiff and defendant, represented by Dr. E. B. Graham, manager of said O 4 Cattle Company, appeared personally, and the defendant waived process and entered his appearance in the cause, and with the consent of the plaintiff confesses that he is indebted to him upon said account in the sum of $50 principal and $1.70 interest, and asks that judgment be rendered against the O 4 Cattle Company therefor. It is therefore considered by me that the said plaintiff recover from the said defendant the debt as aforesaid confessed, and also his costs. Ex. issued 31 March, 1887; Ap. 18, 1887, returned and judgment satisfied.                         C. E. VERITY,
                                        "*County Judge.*"

February 18, 1888, an action in replevin was commenced by Graham & Snyder, plaintiffs in error, against the defendant in error, E. J. Carpenter, before W. G. Pardoe, J. P., of Dawes county, to recover two cream colored horses, each branded "O 4" on left shoulder. Mr. E. J. Carpenter purchased the horses sought to be recovered in said action, from one W. T. Livermore, in July, 1887. The justice seems to have found in favor of the defendant. An appeal was taken to the district court, where a jury was waived and the cause tried to the court, which rendered judgment in favor of the defendant in error.

The attorney for the plaintiffs in error has simplified the case somewhat by the statements in his brief. It is

said: " For the purpose of this argument at this point let us admit that there was such a corporation as the O 4 Cattle Company, and that a man by the name of E. B. Graham was manager of the same, and I ask then according to the answer of the witness on page 12 in answer to this question by the court:

" ' Do you mean that was Graham—that is, one of this firm of E. B. Graham & Snyder?

" ' Yes; at that time it was Graham, Millard & Snyder.'

" This answer of the witness clearly shows that it was not the same Graham that he referred to as the Graham, one of the plaintiffs in this action; and when we turn back to page 9 and the answer by this same witness, we find this fact made more plain; so we have absolutely no connection in fact by any competent evidence between the Graham whom the witness says purchased the property at the execution sale and the member of the firm of Graham & Snyder, plaintiffs; and when we take the evidence of Mr. Snyder, who positively declares that the partnership of which he was a member never did business under any name but Graham & Snyder (and the court will see by the copy of the articles of partnership in the record that such was to be the name), which partnership, so far as this record discloses, is still in existence, while the partnership or corporation of which the E. B. Graham referred to in the record by the witness McGinley, being Graham, Millard & Snyder, went out of existence in the summer of 1886, yet the judgment in the action upon which they pretended to sell this property was not recovered until 1887.

" Under this state of the record we find this to be the status of the case: One E. B. Graham, Millard & Snyder formed what was known and what we admit was the O 4 Cattle Company, a corporation; that this corporation was in debt and suit was commenced against them; that E. B. Graham (whether he had authority or not) waived service and confessed judgment, execution was issued, and the

property of my clients (because they happened to have a member whose name was similar to the other) was taken and sold without their knowledge (I say sold because the witness McGinley says they were sold) to Graham, by Graham to Clough, Clough to Livermore, and Livermore to defendant, and by the judgment of the court this is legal and right. It cannot be."

Taking these statements together and the only question in dispute is the identity of Graham. As to him the proof shows beyond a doubt that the Graham who confessed judgment was the same Graham who was a member of the firm, and that the firm was indebted for labor to the plaintiff in that action, he being the assignee of Wilson. It is unnecessary to review the evidence at length. It is evident that the judgment conforms to the proof, and there is no error in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.